UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CASE NO. 25-mc-00068-FAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUAN CARLOS REYNOSO,

      Defendant.
_____/

**AMENDED MOTION TO QUASH SERVICE OF SEIZURE WARRANT**

      Juan Carlos Reynoso, through undersigned counsel, hereby moves to quash the asserted "service" of a Seizure Warrant issued under Federal Rule of Criminal Procedure 41, for which no warrant execution has yet occurred.[1]  Fed. R. Crim P. 41(f). In addition, the warrant infringes on Mr. Reynoso's Fifth Amendment rights under the United States Constitution and must be quashed.

**I.  INTRODUCTION**

      On January 31, 2025, the government obtained a Seizure Warrant as to Mr. Reynoso for "property located within the jurisdiction of the District of Puerto Rico" and thereafter, an attorney for the government contacted his counsel regarding

---

[1]/ A copy of the Seizure Warrant is attached hereto as Exhibit A.

"accepting service of a warrant."[2]  Assuming that this was a typical forfeiture seizure warrant and without any notice to the contrary, counsel accepted service.

The government subsequently, beginning on February 1, 2025, has taken the position that counsel did not merely accept the warrant in lieu of service of the document upon Mr. Reynoso, but in some manner or means agreed to take action to execute the warrant, to locate and seize assets, and to transfer them to the government.  Because neither the discussions regarding "service," nor the terms of the warrant imposed any such affirmative obligations on counsel or Mr. Reynoso, and because the government's present efforts (by way of a motion for contempt directed at Mr. Reynoso) undermine any reasonable understanding conveyed to counsel when agreeing to receive an emailed version of the seizure warrant, this Court should quash the service of the warrant and direct the government to either execute the warrant or otherwise desist from reliance on counsel to take any action to so execute it for the government.  Counsel did not agree to become an agent of the government in this matter.  The service of process and any further reliance upon such service by the government should be quashed.

The government's improper service of the January 31, 2025 seizure warrant — on an agent of the defendant (not the government) with only limited authority who was given no notice of its highly unusual provisions—effectively seeks to

---

[2]/ During this time, Juan Reynoso was represented by attorney Walter Reynoso, Esq., who bears the same last name but are not related. To avoid confusion, attorney Walter Reynoso will be referred to as "counsel" throughout this motion.

transform the warrant into a subpoena requiring independent, affirmative action by Mr. Reynoso or a writ of execution for which jurisdiction would otherwise be lacking. The invalid service and purported imposition of subpoena obligations go well beyond the language in Rule 41 and are contrary to the plain text of the seizure warrant.

More importantly, the warrant, issued in the District of Puerto Rico, seeks assets located outside its venue jurisdiction and attempts to compel Mr. Reynoso to admit possession and control of the subject assets by ordering that he transfer such assets.[3] This compelled production is a violation of Mr. Reynoso's Fifth Amendment right against self-incrimination and must be rejected. *See United States v. Hubbell,* 530 U.S. 27 (2000)(Constitutional privilege against self-incrimination applies to the ***act of production*** of any incriminating evidence)(emphasis added).

## II.  PROCEDURAL BACKGROUND

### A.    The Seizure Warrant

On Friday, January 31, 2025, at approximately 11:53 AM,[4] the government obtained a warrant for the seizure of 119.65 bitcoin assets stored in a "wallet" (the

---

[3]/ Mr. Reynoso submits that the Seizure Warrant is in violation of the geographical restrictions contained in Federal Rule of Criminal Procedure 41(b) and does not waive any arguments related to this issue. In the event that this motion is denied, any improper venue arguments will be addressed in Mr. Reynoso's response to the contempt motion [D.E 1].

[4]/ While the time on the attached Seizure Warrant is in Atlantic Standard Time (12:53 PM), the times set forth in this motion have been converted to Eastern Standard Time (EST), which is where Mr. Reynoso's counsel was located.

"subject assets") with a root address specified in the warrant. *See* Exhibit A. The warrant, directed to "[a]ny authorized law enforcement officer" specifically sought to seize "certain property located within the jurisdiction of the District of Puerto Rico." *Id*. The warrant "**commanded**" the law enforcement officer "to execute this warrant and seize the property on or before February 13, 2025." *Id*. (emphasis in original).

In addition to the standard Rule 41 seizure warrant language, the warrant contained two unconventional demands stated as follows:

> Moreover, it is ordered that:
> - JUAN CARLOS REYNOSO shall not obstruct, impede or interfere with the seizure of the SUBJECT ASSETS.
>
> - The SUBJECT ASSETS must be transferred, within 24 hours from the date of service of this seizure warrant, to the following Government-controlled address: (root address excluded).

*See* Exhibit A. Such language is out of the ordinary because under under Rule 41, any seizure must be effected though the execution of the warrant by a law enforcement officer. Rule 41 does not operate in a manner to impose self-execution responsibilities on individuals or counsel.

### B.  Service of Process Ruse

Armed with this unconventional warrant, the government contacted counsel for Mr. Reynoso in order to "discuss an update in the matter." *See* Exhibit B at p. 2. At approximately 1:00 PM on Friday, while counsel was attending a family event at

his grandson's school as previously disclosed to the government, he stepped out to accept the call. Much to his surprise, three prosecutors were on the call and they informed him that the government had "legal process" to serve on his client. Specifically, the prosecutors explained that they had a seizure warrant for assets subject to forfeiture and inquired if he would accept service on behalf of Mr. Reynoso. Assuming that this was a typical forfeiture seizure warrant, counsel agreed to accept service of the seizure warrant.

At no point during this five-minute call did any of the three prosecutors alert counsel that the seizure warrant contained an unconventional demand for compliance. Specifically, that the government deemed Mr. Reynoso or counsel responsible for any affirmative action as part of counsel's mere acceptance of service. For example, the warrant stated that the subject assets "must be transferred, within 24 hours from the date of the service of this seizure warrant" to a "Government-controlled address." *See* Exhibit A. However, as noted, there was no notice to counsel that the government was seeking to shift to counsel or his client any affirmative execution responsibility. The self-execution terms of the warrant fall so far outside the scope of Rule 41 as to make it unreasonable for the government to have failed to notify counsel of the purported responsibility to be undertaken merely upon acceptance of a Rule 41 seizure warrant.

Indeed, not even when counsel wished them a "good weekend" did any of the three prosecutors comment that the next day - Saturday - was the deadline to

transfer the described digital assets. The prosecutors did not even mention that compliance with the warrant was time-sensitive. All three remained silent.

Based on the government's false representation that the warrant was a typical seizure warrant, defense counsel agreed to accept service of process. The government construes this acceptance of service to require that Mr. Reynoso or his counsel, (in violation of significant Fifth Amendment protections) take affirmative steps to track down, produce, and transfer the property to the government. The government's view, that the warrant thus places the obligation on the defendant, rather than law enforcement, to actively assist in transferring the assets within 24 hours goes well beyond any conveyed or even presumed authority of counsel to unknowingly waive such fundamental individual rights.

Shortly after the phone call, at 1:25 p.m. on January 31, 2025, an attorney for the government emailed the warrant to counsel. At the time, counsel was attending a Grandparents Day event at his grandson's school, as he had previously informed government counsel of this scheduling conflict when they spoke on the phone. As a result, counsel did not view the warrant at the time it was sent as he had family commitments over the weekend and no knowledge that the warrant was time-sensitive. *See* Email communication from counsel to government attached hereto as Exhibit C.

On Sunday February 2, 2025, counsel for the first time opened the government's email. At that point, the asserted 24-hour time period for producing

the "subject assets" to the government had expired, and counsel had not yet provided the warrant to his client. *Id.* On February 7, 2025, the government filed a motion to show cause why Mr. Reynoso should not be held in contempt, arguing that its service of the warrant on undersigned counsel was valid and that the failure to transfer the assets subjected him to civil contempt.[5]

### III. LEGAL ARGUMENT

### A. Improper Service under Rule 41

The service of this unconventional seizure warrant should be quashed for three reasons. First, the attempted service of the warrant by "an attorney for the government" runs directly contrary to the plain language of Rule 41; second, defense counsel accepted service of the warrant under false pretenses; and, third, the warrant violates Mr. Reynoso's Fifth Amendment rights.

### 1. Attorneys for the Government are Not Authorized to Execute Warrants

Federal Rule of Criminal Procedure 41 provides the framework to obtain and serve seizure warrants, including property subject to civil and criminal forfeiture. It specifically identifies who can execute service of a seizure warrant as follows:

**Rule 41. Search and Seizure**
   **(e) Issuing the Warrant**

---

[5]/ To the extent that a response to the contempt motion is required, Mr. Reynoso respectfully requests that this Court grant him seven (7) days after the court disposes of this motion to quash service to file a response addressing the merits of the motion.

>**(1) In General.** The magistrate judge or a judge of a state court of record must issue the warrant to an officer authorized to execute it.

Fed.R.Crim.P. 41(e)(1). Officers authorized to execute warrants are specifically defined as follows:

>**(a) Scope and Definitions.**
>
>**(2) Definitions.** The following definitions apply under this rule:
>
>>(C) "Federal law enforcement officer" means a government agent ***(other than an attorney for the government)*** who is engaged in enforcing the criminal laws and is within any category of officers authorized by the Attorney General to request a search warrant

Fed.R.Crim.P.41(a)(2)(C)(emphasis added).

In this case there is no factual dispute that it was "an attorney for the government" that attempted to serve the seizure warrant on counsel for Mr. Reynoso. *See* Exhibit B.[6] As specifically detailed in Rule 41, government attorneys are not authorized to execute warrants and thus the service of process here is invalid. Warrants may only be executed by authorized federal officers and as this warrant was not, service must be quashed.

---

[6]/ As demonstrated in Exhibit B, the warrant was sent via email from DOJ Trial Attorney Jonathan L. Gottfried, (jgottfried@usa.doj.gov). Mr. Gottfried is a government attorney.

## 2. Service of Process Obtained Under False Pretenses

The improper service of the unconventional seizure warrant should be quashed. The seizure warrant was served on woefully incomplete, if not false, pretenses and portrayed by the government on the Friday afternoon telephone call as a typical seizure warrant. But the warrant was far from any rule-compliant warrant known to counsel; seizure warrants require law enforcement to execute them within 14 days, *see* Fed. R. Crim. P. 41(e)(2)(A)(i), and this warrant imposed the same obligation. *See* Exhibit A ("**YOU ARE COMMANDED** to execute this warrant and seize the property on or before February 13, 2025 (not to exceed 14 days)").

This seizure warrant separately imposed an unprecedented 24-hour time requirement, which in the government's view tasked the *defendant*, rather than law enforcement, with execution — even though the warrant authorizes only law enforcement to search and seize. The government's characterization of the warrant as a "seizure warrant" was misleading, because according to the government, the warrant imposes immediate requirements on the defendant to (1) admit that he was in custody or control of the property; and (2) take affirmative steps to produce it to law enforcement. The failure to provide adequate notice of this extraordinary—and improper—obligation, renders the service improper and must be quashed.

Rule 41 provides that "service may be accomplished by any means . . . reasonably calculated to reach that person." Fed.R.Crim.P. 41(f)(1)( C). Given the

government's failure to notify defense counsel of the *immediacy* requirement of the warrant, the means utilized here cannot be said to be "reasonably calculated to reach" Mr. Reynoso *in the time frame necessary to allow him to comply with the warrant.* The service was therefore invalid under a plain language reading of Rule 41.

Government counsel scheduled a call with defense counsel, but on that call failed to alert defense counsel to the time-sensitive deadlines. Moreover, this call occurred on a Friday afternoon, and imposed an immediate production deadline that fell on a Saturday. The prosecutors deliberate failure to inform counsel that the warrant required immediate action, on a weekend, by both him and his client highlights the government's lack of good faith. As such, there was thus no voluntary consent to accept service.

Further, defense counsel, the alleged agent, had only a limited authority to accept service and was duped into accepting what the government attorneys portrayed as a typical seizure warrant of assets subject to forfeiture. Only after counsel accepted service did the government assert that the warrant required immediate, affirmative action on the part of the Mr. Reynoso to locate and to provide to law enforcement the property that the warrant directs law enforcement to seize.

This assertion is contradicted by the language on the face of the warrant. *See* Exhibit A. The warrant specifically requires "any authorized law enforcement

officer" to "execute this warrant and to seize the property on or before February 13, 2025." The obligation is thus placed on *law enforcement*, and not on the defendant, to seize the property. The warrant only orders Mr. Reynoso to "not obstruct, impede or interfere with the seizure of the subject assets." The warrant did not, however, authorize Mr. Reynoso to seize anything; nor did it require him to take any affirmative steps. Rather, the warrant—as all warrants do—directed any law enforcement officer to seize the subject property.

### 3. Seizure Warrant Violates Mr. Reynoso's Fifth Amendment Rights

Under the government's reading of the seizure warrant, the document is more properly characterized as a subpoena—and one that violates Mr. Reynoso's Fifth Amendment rights. The seizure warrant is a seizure warrant in name only. In function, it compels the defendant—or his attorney—to take affirmative steps to assist in the location of evidence and to collaborate with the government in the collection of evidence. "[T]he constitutional privilege against self-incrimination protects the target of a grand jury investigation"—and certainly an indicted defendant—"from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence." *United States v. Hubbell,* 530 U.S. 27, 43 (2000). "That constitutional privilege has the same application to the testimonial aspect of a response to a subpoena seeking discovery of those sources." *Id*. The Fifth Amendment privilege "not only extends to answers that would in themselves support a conviction under a federal criminal

-11-

statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id*. at 38 (citing *Hoffman v. United States*, 341 U.S. 479 (1951)).

Here, the government demands that Mr. Reynoso prove he has the authority to control the bitcoin wallet where the subject assets are allegedly stored and subsequently take action to transfer that property; it declares that if he does not take such steps, he is subject to contempt. This amounts to a flagrant violation of his Fifth Amendment rights. Alternatively, the government treats the counsel as a law enforcement officer—seeking to use him, not just to accept service on his client's behalf, but rather to enlist him to direct the client into assisting the government in its efforts to seize the assets. In so doing, the government violates Mr. Reynoso's Sixth Amendment right to counsel as well.

The government's reading of the warrant offends the Fifth Amendment and seeks to improperly convert either Mr. Reynoso, himself, or the his counsel into a law enforcement agent to execute the warrant. If the government obtains a warrant to search and seize certain property from a home, law enforcement officers do not show up, hand the defendant the warrant, and ask him to go retrieve the property described therein. Rather, law enforcement officers must locate the property that is subject to the warrant and seize the property. The same is true here. As such the seizure warrant is invalid and must be quashed.

## IV.  CONCLUSION

For the foregoing reasons, **JUAN CARLOS REYNOSO**, requests that the improperly served seizure warrant be quashed.

Respectfully submitted,

**PIÑERA-VAZQUEZ LAW FIRM**
901 Ponce De Leon Blvd.
Suite 400
Coral Gables, Fl. 33134
T. 305.443.0629
E. sbp@pineravazquezlaw.com

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez. Esq.


/s/ Francisco Rebollo Casalduc
Francisco Rebollo Casalduc
USDC # 205603
529 Sergio Cuevas Bustamante Street
Hato Rey, PR 00918
787-362-0811
rebollolaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 18, 2025 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.