IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Petitioner**,<br><br>v.<br><br>JUAN CARLOS REYNOSO,<br><br>**Respondent**. | **Misc. No.** 25-068 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is petitioner United States of America (the "government")'s request to modify the daily fine for non-compliance contained in the Court's civil contempt order at Docket No. 20. (Docket No. 38.) For the following reasons, the government's request to modify the contempt order is **GRANTED**.

Respondent Juan Carlos Reynoso ("Reynoso") was arrested on July 1, 2025 on fraud charges related to his alleged involvement in a multi-million-dollar investment scheme. See United States v. Reynoso, Crim. No. 25-284 (RAM), 2025 U.S. Dist. LEXIS 147462, at *1-2 (D.P.R. Jul. 30, 2025) (Arias, C.J.). In connection with these charges, on January 31, 2025, the government received a seizure warrant against 119.65 bitcoin (worth just over $12 million at the time) held in an account under Reynoso's control. See Docket No. 20; United States v. Reynoso, 769 F. Supp. 3d 107, 110 (D.P.R. 2025) (Besosa, J.). The day after the warrant was issued,

Misc. No. 25-068 (FAB) 2

Reynoso did not comply, and instead moved the bitcoin out of the account specified in the warrant and dispersed it into several different accounts. Reynoso, 769 F. Supp. 3d at 112. On March 4, 2025, he was held in civil contempt for his failure to comply with the warrant. Id. at 119. In the contempt order, Reynoso was ordered to transfer the 119.65 bitcoin to a government-controlled wallet and would be fined $10,000 for each passing day he failed to do so. Id. at 119. Reynoso filed an interlocutory appeal challenging the civil contempt finding. See Docket No. 30. He also asked the Court to stay enforcement of the contempt order pending the appeal. (Docket No. 27.) The Court denied his motion to stay. (Docket No. 34.) His appeal of the contempt finding is still pending.

On September 26, 2025, nearly seven months after the contempt finding, the government informed the Court that Reynoso had still not complied with the seizure warrant.[1] See Docket No. 36. In response to his continuing non-compliance, the government requests that the daily fine of $10,000 from the contempt order be doubled to $20,000. See Docket No. 38. Reynoso opposes the government's request, arguing that (1) his pending appeal of the contempt order divests the Court of jurisdiction to modify the order, and (2) he

---

[1] At the time the informative motion was filed, Reynoso had accrued $2,060,000 in fines pursuant to the contempt order. See Docket No. 36 at p. 3.

is incapable of complying with the seizure warrant due to his limited finances and incarceration. (Docket No. 40 at pp. 2-3.) The government replied (Docket No. 43), and Reynoso sur-replied (Docket No. 46).

"As a general rule, the filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Colón-Torres v. Negrón-Fernández, 997 F.3d 63, 74 (1st Cir. 2021) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)) (internal quotation marks and alterations omitted). This rule is based on judicial economy, not mandated by statute. See United States v. Carpenter, 941 F.3d 1, 6 (1st Cir. 2019) ("[T]he divestiture rule is rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case."). A district court retains authority to enforce its existing orders, which includes the ability to modify its orders to ensure compliance, so long as this does not affect any issues that are pending on appeal. See Barnes v. Sea Hawai'i Rafting, LLC, 444 F. Supp. 3d 1215, 1221 (D. Haw. 2020) (citing Hoffman on behalf of NLRB v. Beer Drivers & Salesmen's Local Union, etc., 536 F.2d 1268, 1276 (9th Cir. 1976)) ("[A]n appeal from [a]

supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken"); Colón-Torres, 997 F.3d at 74 (a district court may "enter orders that concern matters unrelated to the substance of the decision being appealed") (internal quotation marks omitted).

Here, the main issue raised in Reynoso's appeal concerns whether he should have received an evidentiary hearing before being held in contempt. See Brief for Appellant, United States v. Reynoso, No. 25-1328 (1st Cir. Oct. 23, 2025), Docket No. 40-1. He does not challenge the penalty contained in the contempt order. See id. Because the amount of the penalty is irrelevant to the issues on appeal, modifying the penalty would not interfere with the appeal process. Accordingly, the Court has jurisdiction to modify the amount of the penalty notwithstanding Reynoso's appeal of the contempt order.

The question remains whether an increase in Reynoso's daily fine is warranted. "Civil contempt is a forward-looking penalty meant to coerce compliance rather than to punish past noncompliance." Hawkins v. HHS, 665 F.3d 25, 32 (1st Cir. 2012). "A trial court has wide discretion in its choice of sanctions." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir.

2002). "Where the purpose of the sanction is to make the defendant comply, the court must consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the results." Angiodynamics, Inc. v. Biolitec AG, 946 F. Supp. 2d 205, 214 (D. Mass. 2013) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)) (internal quotation marks and alterations omitted).

To date, Reynoso has not complied with the seizure warrant. It has now been almost a year since the original warrant was issued and over ten months since he was held in contempt. The original daily fine of $10,000 was plainly insufficient to compel his compliance. Accordingly, a higher daily fine is warranted.

Reynoso argues that his limited finances and limited ability to perform financial transactions while incarcerated render increased sanctions inappropriate. "Since civil contempt is coercive, *present* inability to comply with the order in question is an affirmative defense; however, the burden of production lies with the defendant." NLRB v. Flores, No. 07-2003, 2012 U.S. App. LEXIS 26981, at *24-25 (1st Cir. Aug. 6, 2012) (McGiverin, M.J.) (internal quotation marks omitted), report and recommendation adopted, 2013 U.S. App. LEXIS 14923 (1st Cir. Mar. 13, 2013). "This burden is not light; courts have required defendants to prove

impossibility plainly and unmistakably, and categorically and in detail." Id. at 25 (internal quotation marks and citations omitted).

Reynoso fails to meet this burden - he presents no evidence to demonstrate his inability to comply with the warrant and contempt order. Reynoso flatly asserts that he does not have sufficient funds to comply with the order but does not substantiate this claim with any evidence. See Docket No. 40 at p. 3. In any event, his claim is undercut by the government's proffer that he deposited over $21.4 million in cryptocurrency into his Binance account between February 2021 and December 2023. Reynoso, 2025 U.S. Dist. LEXIS 147462, at *7. He also makes no effort to explain why the 119.65 bitcoin he moved from an account he controlled cannot now be transferred to the government account as mandated by the seizure warrant. And, although the fines he has accrued to date are significant, they are still significantly less than the 119.65 bitcoin subject to the original warrant. These facts suggest that he should have enough funds to pay both the original seizure order and his accrued fines to date. Reynoso also does not explain how the fact that he is incarcerated precludes his ability to comply with the order. Accordingly, Reynoso has not shown that he is unable to comply with the order.

Misc. No. 25-068 (FAB)                                                          7

In conclusion, the Court finds that it has jurisdiction to increase Reynoso's daily penalty for non-compliance with its contempt order, that such an increase is warranted by his continued non-compliance, and that he fails to present any evidence of his inability to comply.  Accordingly, the government's request to modify the contempt order is **GRANTED**.  Reynoso **SHALL** be fined $20,000 for every day that he violates the seizure warrant from the date that this Memorandum and Order is published.  Continued failure to comply may result in additional fines and/or incarceration.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 8, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
